**Janice BULLOCK, Appellant**

v.

**CITY OF PHILADELPHIA.**

Nos. 05–4318, 06–1042.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 23, 2007.

Filed: Oct. 11, 2007.

Janice Bullock, Philadelphia, PA, pro se.

Richard G. Feder, Jane L. Istvan, Elise M. Bruhl, City of Philadelphia Law Department, Philadelphia, PA, for City of Philadelphia.

Before: BARRY, CHAGARES and ROTH, Circuit Judges.

## OPINION

PER CURIAM.

Janice Bullock appeals pro se the dismissal of her consolidated complaints by the District Court for the Eastern District of Pennsylvania. We will affirm.

I.[1]

In 1996, Bullock was dismissed from her employment with Appellee, the City of Philadelphia (hereinafter "the City"). Supplemental Appendix ("SA") 201. In 2001, Bullock applied for a different position with the City and failed to pass the employment examination. SA 200. Bullock filed an administrative complaint with the Equal Employment Opportunity Commission ("EEOC"), which in March 2003 issued a right-to-sue letter regarding Bullock's allegations of discrimination in the City's employment examination process conducted between September and December 2001. SA 260. In June 2003, Bullock filed a *pro se* complaint in the District Court (Civ. No. 03–cv–03509), alleging that the City's examination process violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* the American With Disabilities Act, 42 U.S.C. 12101 *et seq.,* the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.,* and the Equal Pay Act, 29 U.S.C. § 206(d). SA 180–81. In December 2003, Bullock filed a second complaint (Civ. No. 03–cv–06867), alleging retaliation for her 1993 testimony in the *Pennhurst*[2] litigation. SA 184–85. The two cases were consolidated.

Due to Bullock's medical condition, the District Court held the case in suspense from June 2004 to February 2005. SA 71. In August 2005, the District Court granted in part the City's motion for summary judgment, dismissing the case as to the second complaint. The District Court denied the City's motion with respect to Bullock's first complaint and scheduled trial for October 3, 2005. SA 75. Bullock appealed. C.A. No. 05–4318.

---

1. As the parties are familiar with the procedural history of this case, we will only summarize those facts relevant to the disposition of this appeal.

2. *Halderman v. Pennhurst State School & Hosp.,* E.D. Pa. 74–cv–01345.

Early in the morning of October 3rd, Bullock informed the Judge's chambers that she was being admitted to the hospital. SA 2. The District Court then issued an order and left a telephone message warning Bullock that the case would be dismissed with prejudice unless she appeared in court on October 5th prepared to proceed to trial and with bona fide reasons for her absence on October 3rd. SA 90. Bullock did not appear in court or otherwise contact the District Court on October 5th until late that evening, when she faxed a document to the court explaining her absence. SA 91.

The District Court subsequently provided Bullock another opportunity to further explain her failure to appear in court on October 3rd and 5th, and failure to contact the court prior to sending the facsimile. SA 100. In response, Bullock submitted an affidavit and a motion requesting a postponement of trial so that she could obtain necessary medical evaluations and treatment. SA101–02. On November 29, 2005, the District Court, 2005 WL 3263047, found that Bullock had not provided the requested explanations and evidence, and thereby denied the motion for a postponement and dismissed the complaint with prejudice. SA 1–11. Bullock filed a second appeal. C.A. No. 06–1042.

The two appeals have been consolidated, and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291.[3]

## II.

### A. Summary Judgment

Our review of the District Court's grant of summary judgment is plenary. *Saldana v. Kmart Corp.*, 260 F.3d 228, 231 (3d Cir.2001). We will affirm because we find no genuine issue of material fact and viewing the facts in the light most favorable to Bullock, the City is entitled to judgment as a matter of law. *See id.* at 232.

Prior to filing an employment discrimination suit, a plaintiff must file an administrative discrimination charge with the EEOC within the statutory time period, which in Pennsylvania is 300 days. *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir.2000); 29 U.S.C. § 626(d)(2) (ADEA); 42 U.S.C. § 2000e–5(e)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA). Violations of the Equal Pay Act are subject to a two-year, three-year if allegedly willful, statute of limitations. 29 U.S.C. § 255(a). Thus, Bullock's allegations of retaliation from 1993 through 1996 are untimely.

■ Bullock argues that the limitations period should be deemed equitably tolled because the misconduct was part of an ongoing pattern of discrimination culminating in the incidents of 2001. Plaintiff's Amended Response to Motion for Summary Judgment at 7. Under the continuing violation theory, discriminatory acts that are not individually actionable may survive the limitations time bar. *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir.2006) (discussing *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)). However, discrete acts that are individually actionable must be raised within the applicable limitations period, even if they relate to claims otherwise raised in a timely complaint. *O'Connor*, 440 F.3d at 127; *see also Morgan*, 536 U.S. at 113, 122 S.Ct. 2061. Bullock's allegations of misconduct prior to and including 1996 assert individually actionable claims, and thus cannot be aggregated

---

**3.** Although the partial grant of summary judgment was a non-final order, *see* Fed. R. Civil P. 54(b), a final judgment has since been entered and the Court now has jurisdiction over both appeals.

with the 2001 events. *See O'Connor,* 440 F.3d at 127–28 (identifying non-exhaustive list of discrete actions for which the limitations period runs from the time of the act). Accordingly, any claims arising from these prior events are time-barred.

Bullock's allegations of retaliation with respect to the 2001 events are also time-barred. The second complaint was not filed within the requisite 90 days of receipt of the right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1); *Burgh v. Borough Council of Borough of Montrose,* 251 F.3d 465, 470 (3d Cir.2001).[4]

### B. Dismissal With Prejudice

■ Although dismissal with prejudice is a harsh remedy, our scope of appellate review is "extremely narrow." *Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir.1992). We are limited to determining whether the District Court abused its discretion. *Id.*; *Emerson v. Thiel College,* 296 F.3d 184, 190 (3d Cir.2002).

The District Court applied the correct standard by considering all of the factors set forth in *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863 (3d Cir. 1984):(1) personal responsibility; (2) prejudice to the opposing party; (3) history of dilatoriness; (4) willfulness or bad faith; (5) effectiveness of other sanctions; and (6) meritoriousness of the claim. Furthermore, upon thorough review of the record and in light of the District Court's extend-

ed contact with Bullock, *see Mindek,* 964 F.2d at 1373, we find that the District Court did not abuse its discretion in concluding that a dismissal was warranted.[5]

Accordingly, for all the reasons stated above, we will affirm the District Court's judgment.

---

4. Bullock's assertion that these claims were merely an amendment to her first complaint does not save the claims from untimeliness. *See Fielder v. Varner,* 379 F.3d 113, 119 (3d Cir.2004) (recognizing that statute of limitations is applied on claim-by-claim basis). Also, we decline to address Bullock's argument that these acts are admissible as evidence of motive. Such an argument relates to the substantive merit of the claim, which is not at issue in this appeal.

5. Even if one could view Bullock's conduct as not being willful or in bad faith, *cf. Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 875 (3d Cir.1994), under the circumstances of this case we would not alter our conclusion. The *Poulis* factors do not provide a "magic formula whereby the decision … becomes a mechanical calculation easily reviewed by this Court." *Mindek,* 964 F.2d at 1373. Moreover, "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Id.*